IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL VENDRELL-SANTIAGO, #44470-069, PETITIONER, | § § § § | |
| v. | § § | CASE NO. 3:22-CV-2261-S-BK |
| WARDEN RIVERS, RESPONDENT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Samuel Vendrell-Santiago's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be **DISMISSED**.

**I. BACKGROUND**

In March 2015, Santiago pled guilty to conspiracy to possess with intent to distribute controlled substances within a protected location, in violation of 21 U.S.C. §§ 841(a)(1), 846, 860, and was sentenced to 151 months' imprisonment. Doc. 3 at 16; Doc. 10 at 15. Five months later, Santiago began taking educational courses at the Forrest City Federal Correctional Institution, continued to do so at the Seagoville Federal Correctional Institution, and completed, in total, 662 hours of education. Doc. 3 at 15. However, in October 2019, Santiago received a consecutive six-month sentence for two counts of possession of prohibited object in prison, a cell phone, in violation of 18 U.S.C. § 1791(a)(2). Doc. 3 at 17; Doc. 10 at 22. With good conduct credit, Santiago has a projected release date of February 4, 2026.

In 2018, Congress enacted the First Step Act ("FSA") to, *inter alia*, "provide incentives and rewards for successful participation in evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632. In 2022, Santiago sought to obtain FSA time credits and reduce his sentence, but his administrative requests were denied at the institutional level because he was ineligible for such credits due to his § 1791(a)(2) conviction. Doc. 10 at 7–8; Doc. 3 at 20–26.

On October 7, 2022, Santiago filed this § 2241 petition seeking time credit under the FSA and immediate release to pre-release custody in a residential reentry center or home confinement. Doc. 3 at 5, 10. Respondent opposes § 2241 relief as to the credit claim and argues subject matter jurisdiction is lacking as to the pre-release-custody claim. Doc. 9 at 1, 5. Respondent also asserts that Santiago has not exhausted "all available administrative remedies" under 28 C.F.R. §§ 542.10-542.19. Doc. 9 at 7. Santiago has not filed a reply.

## II. ANALYSIS

### A. Santiago is Ineligible for FSA Credits Because of his Disqualifying Offense

A prisoner is ineligible to receive time credits if he is serving a sentence for a conviction in violation of one of the many offenses listed under 18 U.S.C. § 3632(d)(4)(D). One such sentence is for an offense under "Section 1791, relating to providing or possessing contraband in prison." 18 U.S.C. § 3632(d)(4)(D)(xxix). Consequently, Santiago's <u>subsequent</u>, six-month, consecutive sentence for possession of a prohibited object in prison under § 1791 (which he received four years after his drug-conspiracy sentence) explicitly disqualifies him for the relief he seeks here—time credits under the FSA. *Id.*

Santiago nonetheless argues that he is eligible for FSA time credits because the extensive list of disqualifying offenses only applies "if the prisoner *is serving* a sentence" on the list. Doc.

3 at 13. And he has either already served his six-month § 1791 sentence and resumed his original sentence or has not yet begun serving the disqualifying sentence. Doc. 3 at 13. However, Santiago's argument is unavailing.

18 U.S.C. § 3584(c) provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." So, in deciding a prisoner's eligibility for FSA time credit, the BOP must evaluate all of a prisoner's sentences. *See Martinez v. Rosalez*, No. 1:22-CV-1297-LY-DH, 2023 WL 2904579, at *4 (W.D. Tex. Apr. 10, 2023), *R. & R. adopted*, 2023 WL 3441566 (W.D. Tex. May 12, 2023), *appeal docketed*, No. 23-50406 (5th Cir. May 30, 2023). Simply put, "[i]f a prisoner is serving multiple, consecutive sentences, and one such offense is among the FSA's enumerated disqualifying offenses . . . then the prisoner is ineligible to earn FSA time credits." *Id.*; *see also Norman v. Carr*, No. 4:21-CV-586-P, 2021 WL 5086561, at *4 (N.D. Tex. Nov. 2, 2021) ("BOP was required to aggregate [the] [p]etitioner's multiple sentences under § 3584(c) and correctly computed her sentence in compliance with BOP policy."); *Sok v. Eischen*, No. 22-CV-458 (ECT/LIB), 2022 WL 17156797, at *6 (D. Minn. Oct. 26, 2022), *R. & R. adopted*, No. 22-CR-458 (ECT/LIB), 2022 WL 17128929 (D. Minn. Nov. 22, 2022) (finding the petitioner ineligible to earn time credits under the FSA as his "aggregate sentence include[ed] a sentence predicated on" a disqualifying offense).

Following this line of cases, the Court finds Santiago is ineligible for earned time credits under the FSA because of his § 1791 possession-of-prohibited-object-in-prison offense. Relying on § 3584(c), the BOP properly considered Santiago's consecutive sentences as one aggregate term of imprisonment for administrative purposes, including calculating his FSA time credits. *See Sok v. Eischen*, No. 23-1025, 2023 WL 5282709, at *1 (8th Cir. Aug. 17, 2023) (affirming

denial of § 2241 petition because "the BOP correctly treated [the petitioner's] prison terms as a single aggregated sentence for all 3 offenses, and therefore properly denied him FSA credits"); *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (same). Accordingly, Santiago's disqualifying sentence for violating 18 U.S.C. § 1791 renders his entire sentence ineligible for FSA time credits. *See Pena v. Barraza*, No. CV 3:23-0300, 2023 WL 3483238, at *1–2 (M.D. Pa. May 16, 2023) (finding petitioner was ineligible for FSA timed credits based on his consecutive 30-day sentence for possession of contraband in prison in violation of 18 U.S.C. § 1791).

### B. Santiago's Request for Transfer to Pre-Release Custody is not Cognizable

Santiago also requests immediate designation to pre-release custody because he allegedly has accumulated enough FSA credits. Doc. 3 at 5, 10. But pre-release custody, including designation to a halfway house or home confinement, is still a form of confinement and not actual release from BOP custody. *See* 18 U.S.C. § 3624(c). Thus, Santiago's request for immediate placement in pre-release custody challenges a placement decision *not* the fact or duration of his confinement. Therefore, jurisdiction under § 2241 is lacking. *See Henrikson v. Guzik*, 249 F.3d 395, 397 n.4 (5th Cir. 2001) ("[B]ecause [the petitioner] is not challenging the fact or duration of his confinement, subject matter jurisdiction is not present under § 2241.").[1]

### III. CONCLUSION

In sum, because Santiago is serving his § 1791 sentence as part of a "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits. Accordingly, Santiago's request for FSA time credit should be **DISMISSED WITH PREJUDICE** and his

---

[1] Having concluded that Santiago is ineligible for FSA time credit, his claim is also moot.

request for immediate placement in pre-release custody should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on October 13, 2023.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).