# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SAMUEL VENDRELL-SANTIAGO, #44470-069 | § § § | |
| v. | § § | CIVIL ACTION NO. 3:22-CV-2261-S-BK |
| WARDEN RIVERS | § § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Objections were filed. The District Court reviewed de novo those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.

The Court agrees that Petitioner Samuel Vendrell-Santiago is ineligible for First Step Act ("FSA") time credits.[1] As to Petitioner's request for immediate designation to pre-release custody, even assuming jurisdiction over this claim, the Court agrees that because Petitioner is ineligible for FSA time credits, it is moot. This claim also fails on the merits.

Pre-release custody, including designation to a halfway house or home confinement, is still a form of confinement and not actual release from Bureau of Prisons ("BOP") custody. *See* 18 U.S.C. § 3624(c). "The decision whether—and, if so, for how long—to place an inmate in a residential reentry center ("RRC")—a halfway house—is committed to the BOP under statutory authority." *Brown v. Underwood*, No. 3:19-CV-1706-B-BN, 2019 WL 5580106, at *2 (N.D. Tex.

---

[1] In the Objections [ECF No. 12], Petitioner asserts that the Magistrate Judge "overlooked that 365 of the FSA credits may be applied to the back-end of the sentence, such that [Petitioner] is released from custody to begin his term of supervised release at an earlier date." Objs. 5. This claim also fails because Petitioner is ineligible to receive FSA time credits, as explained in the Findings, Conclusions, and Recommendation.

Aug. 22, 2019) (citation omitted), *report and recommendation adopted by* 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019). The FSA did not alter this statutory authority and does not provide the Court authority to modify a defendant's place of incarceration. *See id.*; *see also United States v. Urso*, No. 03-CR-1382, 2019 WL 5423431, at *1 (E.D.N.Y. Oct. 23, 2019) ("[A]lthough [the FSA under] 28 U.S.C. § 3582(c)(1)(B) authorizes the court to modify a *term* of imprisonment, it does not authorize the court to alter the method of incarceration." (citation omitted)). It remains within the BOP's discretion to determine a defendant's place of confinement and his eligibility for RRC placement. *See, e.g., United States v. Curry*, No. 6:06-082-DCR, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the *Attorney General* the discretion to determine if and when home confinement is appropriate, this Court does not have authority to grant the requested relief."). As such, the Court concludes that Petitioner is not entitled to habeas relief based on his request for immediate designation to pre-release custody.

Therefore, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

**SO ORDERED.**

SIGNED May 24, 2024.

**UNITED STATES DISTRICT JUDGE**